IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| MARY OSHANA, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  20 CV 2041 |
| | ) | |
| AER LINGUS LIMITED, | ) | Judge Rebecca R. Pallmeyer |
| a foreign corporation, | ) | |
| | ) | Magistrate Judge M. David Weisman |
|        Defendant. | ) | |

**FINAL PRETRIAL ORDER**

      This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and John F. Hedrich, 221 North LaSalle Street, Suite 1500, Chicago, Illinois 60601 (T) 312-726-4058 having appeared as counsel for the plaintiff and John Maggio, 7 Times Square, 18th Floor, New York, New York 10036 (T) 212-894-6792 and Susan Valentine, 105 West Adams Street, 35th Floor, Chicago, Illinois 60603 (T) 312-238-9062 having appeared as counsel for the defendant, the following actions were taken:

      1.     This is an action for personal injury, and the jurisdiction of the Court is invoked under 28 U.S.C. sec. 1331 because it arises under the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, commonly known as the Montreal Convention, and the rights of the parties are governed by the provisions of the Montreal Convention.  Jurisdiction is not disputed.

      2.     The following stipulations and statements were submitted and are attached to and made a part of this Order:

  a. A comprehensive stipulation of all uncontested facts, which will become part of the evidentiary record, is attached as Schedule A.

  b. A short agreed description of the case to be read to prospective jurors is attached as Schedule B.

  c. Schedules of all exhibits, except for rebuttal exhibits, are attached as Schedule C1 (all exhibits including documents, summaries, charts and other items expected to be offered into evidence) and Schedule C2 (all demonstrative evidence and experiments to be offered during trial).

  d. A list of the names and addresses of the potential witnesses, along with objections to the witnesses being called and objections to the qualifications of the witnesses, is attached as Schedule D.

  e. One expert witness has been identified, treating psychologist Barbara Searle, Ph.D. Dr. Searle refused to provide a list of her qualifications, so no stipulation regarding those qualifications is attached. Defendant objects to Dr. Searle being allowed to testify.

  f. A list of all depositions, including designated pages and line numbers, to be read into evidence, and objections thereto, is attached as Schedule F.

  g. An itemized statement of damages is attached as Schedule G.

  h. i. The parties' trial briefs are attached as Schedule H1.

   ii. The proposed jury instructions (marked), verdict forms, and special interrogatories are attached as Schedule H2.

   iii. A list of questions the parties request the Court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a) is attached as Schedule H3.

    i.  Each party has completed discovery.

    j.  A brief summary of intended motions *in limine* is attached as Schedule J.

  2.1  The following <u>optional</u> stipulations and statements were submitted and are attached to and made a part of this Order:

    k.  An agreed statement of the contested issues of fact and law and a statement of contested issues of fact or law not agreed to is attached as Schedule K.

    l.  Waivers of any claims or defenses that have been abandoned by a party – **None.**

  3.  Trial of this case is expected to take 3-4 days. It will be listed on the trial calendar, to be tried when reached.

  4.  The type of trial will be:  Jury __X__  Non-jury _____

  5.  The parties recommend that _12_ jurors be selected at the commencement of the trial.

  6.  The parties do not agree that the issues of liability and damages be bifurcated for trial.

  7.  The parties: Consent _____ Do Not Consent __X__ to this case being reassigned to a magistrate judge for trial.

  8.  This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

  9.  The possibility of settlement of this case was considered by the parties.

_____      _____
Date                      United States District Judge

| For Plaintiff | For Defendant |
|---|---|
| LAW OFFICES OF JOHN F. HEDRICH | CONDON & FORSYTH LLP |
| By: /s/ John F. Hedrich_____<br>    John F. Hedrich<br>ARDC No. 6211019<br>LAW OFFICES OF JOHN F. HEDRICH<br>221 North LaSalle Street, Suite 1500<br>Chicago, Illinois 60601<br>(T) 312-726-4058<br>E-mail: jfhedrich@hedrichlaw.net | By: /s/ John Maggio_____<br>    John Maggio<br>No. 2797645<br>CONDON & FORSYTH LLP<br>7 Times Square<br>New York, New York 10036<br>(T) 212-894-6792<br>E-mail: jmaggio@condonlaw.com<br><br>VALENTINE AUSTRIACO *et al.*<br><br>By: /s/ Susan Valentine_____<br>    Susan Valentine<br>ARDC No. 6196269<br>VALENTINE AUSTRIACO *et al.*<br>105 West Adams Street, 35th Floor<br>Chicago, Illinois 60603<br>(T) 312-238-9062<br>E-mail: svalentine@VABlawfirm.com |